```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMAL A. AZEEZ,

                    Plaintiff,              ORDER
                                            10-CV-2001(JS)(ETB)
       -against-

UNITED STATES POSTAL SERVICES (USPS),
RAVI, Post Office Supervisor, AUTRIA
FINLEY, Claims Supervisor, JOHN DOE,
et al.,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Jamal A. Azeez, Pro Se
                    305 Marguerite Ave.
                    Floral Park, NY 11001

For Defendant:      No Appearance
```

SEYBERT, District Judge:

On April 28, 2010, pro se plaintiff Jamal A. Azeez ("Plaintiff") commenced this action alleging common law negligence against defendants United States Postal Services (USPS), a Post Office Supervisor identified only as "Ravi", Autria Finley, Claims Supervisor, and "John Doe et al." (collectively, "Defendants") in connection with the alleged loss of a package.  Accompanying the Complaint is an application by Plaintiff to proceed in forma pauperis.  Upon review of the declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to commence this action without the prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Accordingly, the Plaintiff's application to proceed in forma pauperis is granted.

However, for the reasons that follow, the Plaintiff's Complaint is sua sponte dismissed.

BACKGROUND

Plaintiff's Complaint describes that Plaintiff sought to return merchandise valued at $998.25 via the United States Postal Service on June 23, 2009. (Compl. at ¶¶ 1-2). According to the Complaint, the merchant to who the package was allegedly addressed claims to have not received it. Plaintiff alleges that he left the package in the custody of the United States Postal Service. (Compl. at ¶¶ 6-7). Plaintiff claims to have mailed the package by First Class Mail and that he did not purchase insurance or other mailing options such as certified mail, return receipt requested. (Compl. at ¶ 4). Plaintiff complains that the post office employee who accepted the package did not warn him that the Postal Service would not be responsible if the package is lost, damaged, or stolen. (Compl. at ¶ 5). Plaintiff further complains that the postal employees did not provide any mailing records or documentation with regard to his package.

With regard to the individual Defendants, "Ravi" and Autria Finley, sued both in their individual and official capacities, Plaintiff alleges that they are liable for negligence in connection with the alleged "disappearance of Plaintiff's package." (Compl. at ¶ 15). Plaintiff further alleges that these Defendants failed to properly supervise their employees because the

2

postal clerk who accepted his package allegedly did not suggest that Plaintiff purchase insurance or other mailing options and because the postal employees allegedly did not maintain records with regard to the mailing of Plaintiff's package.

As a result of the Defendants' alleged negligence, Plaintiff seeks damages in the amount of $1,018.52 comprised of $998.25 (the value of the contents of the package) and $20.27 (the amount Plaintiff paid the post office for shipping).

DISCUSSION

I. Application Of 28 U.S.C. § 1915(e)(2)

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss the action as soon as it makes such a determination. See id. Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002). The Court is mindful that the Plaintiff is proceeding pro se and thus his submissions should be held "'to less stringent standards than

formal pleadings drafted by lawyers. . . .'" Nevertheless, a plaintiff's pro se status "does not exempt [him] from compliance with relevant rules of procedural and substantive law. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotations and citation omitted).

II. Sovereign Immunity

The United States Postal Service is not a suable entity and thus the proper defendant to this action is the United States. Zeitschick v. United States Postal Service, 17 Fed. Appx. 60 (2d Cir. 2001); Mohammed v. U.S. Postal Service, 08-CV-0895(NPM/DRH), 2009 WL 2208578 (N.D.N.Y. July 22, 2009). It is well-established that the United States is immune from suit unless it consents to be sued. United States v. Dalm, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). This immunity extends to federal agencies and officers acting in their official capacities. Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005); Gildor v. U.S Postal. Serv., 284, 287 (N.D.N.Y. 2005), aff'd 179 Fed. Appx. 756 (2d Cir. 2006).

The Federal Tort Claims Act provides the framework under which the United States has consented to suits involving common law tort claims. 28 U.S.C. §§ 2671-80. The Federal Tort Claims Act specifically exempts "claim[s] arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); Gildor, 179 Fed. Appx. 756, at *2.

Plaintiff claims that there was a " loss, miscarriage, or negligent transmission of letters or postal matter" with regard to a package he allegedly left in the custody of the United States Postal Service. 28 U.S.C. § 2680(b). Such claim falls squarely in Federal Torts Claim Act's exemption and therefore this Court lacks subject matter jurisdiction over the United States for the alleged loss of the Plaintiff's package. <u>Gildor</u>, 179 Fed. Appx. 756 at *2. (affirming dismissal for lack of subject matter jurisdiction of tort claims arising from the mis-delivery of plaintiff's package); <u>see</u> <u>also</u> <u>Bastable v. Internal Revenue Service</u>, 159 Fed. Appx. 229 (2d Cir. 2005). Notwithstanding the liberal pleading standards afforded <u>pro</u> <u>se</u> litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. <u>Lyndonville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court <u>sua</u> <u>sponte</u>. <u>Id</u>. If subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

The claims against the individual Defendants also must be dismissed. There are no allegations that the individual Defendants acted outside the scope of their authority as employees of the United States Postal Service. As such, any actions by them in this case were actions by the United States Postal Service; not the

individuals in their individual capacities. 28 U.S.C. § 2679(b)(1). Although the Court sympathizes with Plaintiff's frustration with the United States Postal Service, unfortunately, relief is not available in this case. Given that Plaintiff provides no basis from which federal subject matter jurisdiction may be established, the Amended Complaint is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Plaintiffs' request to proceed in forma pauperis is GRANTED.

It is further ordered that Plaintiffs' Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J

Dated: Central Islip, New York
     June   22  , 2010