```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMAL A. AZEEZ,

                    Plaintiff,           ORDER
                                         10-CV-2001(JS)(ETB)
     -against-

UNITED STATES POSTAL SERVICES (USPS),
RAVI, Post Office Supervisor, AUTRIA
FINLEY, Claims Supervisor, JOHN DOE,
et al.,

                    Defendants.
----------------------------------------X
```
APPEARANCES:
For Plaintiff:      Jamal A. Azeez, Pro Se
                    305 Marguerite Ave.
                    Floral Park, NY 11001

For Defendant:      No Appearance

SEYBERT, District Judge:

      By Order dated June 22, 2010, the undersigned granted the application of pro se plaintiff Jamal A. Azeez ("Plaintiff") to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and sua sponte dismissed the Complaint[1] with prejudice for lack of federal subject matter jurisdiction. See Order, dated June 22, 2010, Seybert, D.J. Plaintiff now seeks reconsideration of that Order. For the reasons that follow, the motion for reconsideration is denied.

---

[1] Plaintiff's Complaint purported to allege a negligence claim against the United States Postal Service arising from the alleged loss of a package. The Court determined that such claim was barred by sovereign immunity and thus it lacked federal subject matter jurisdiction over Plaintiff's Complaint.

DISCUSSION

Motions for reconsideration are governed by Federal Rules of Civil Procedure 59(e) or 60(b) and Local Civil Rule 6.3. A motion for reconsideration under Rule 59(e) is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Herschaft v. N.Y. City Campaign Fin. Bd., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (quotation omitted). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." Id. at 284.

Rule 60(b) also permits the court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); House v. Sec'y of Health and Human Servs., 688 F.2d 7, 9 (2d Cir. 1982). The Second Circuit has instructed district courts that Rule 60(b) provides "extraordinary judicial relief" and can only be granted "upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has

overlooked." Local Civil Rule 6.3.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Black v. Diamond, 163 Fed. App'x. 58, 61 (2d Cir. 2006) ("To merit reconsideration, a movant must point to law or facts overlooked by the court in its initial ruling."); Id. at 283 (citation omitted).

Here, Plaintiff's motion for reconsideration fails to meet this strict standard. Plaintiff points to no matters or controlling decisions that the Court allegedly overlooked nor does he provide any other basis for this Court to grant reconsideration. Rather, Plaintiff contends that the Court "violated Rule 53 of the FRCP by circumventing the need to assign the case to Magistrate Judge E. Thomas Boyle for his Proposed Findings and Recommendations . . . ." Such Rule applies only to the appointment of masters and has no application here. Plaintiff's unfounded assertion that he "would have been treated differently and with better respect" if he was an attorney is baseless. Finally, to the extent Plaintiff argues that the Court "blam[ed] Plaintiff for not suing the United States Government, even though [he] clearly named the United States Postal Service as a defendant," Plaintiff misunderstands the

3

Court's Order. Rather than to outright dismiss the Complaint for failure to name a proper party, the Court substituted the United States as a Defendant in place of the United States Postal Service and analyzed Plaintiff's claims as if they had been properly asserted by the Plaintiff against the United States. See Order, dated June 22 2010, Seybert D.J. ("The United States Postal Service is not a suable entity and thus the proper defendant to this action is the United States.") (citing Zeitschick v. United States Postal Service, 17 Fed. Appx. 60 (2d Cir. 2001); Mohammed v. U.S. Postal Service, 08-CV-0895 (NPM/DRH), 2009 WL 2208578 (N.D.N.Y. July 22, 2009)).

## CONCLUSION

For the reasons set forth above the Court finds no legal or factual basis to reconsider is sua sponte dismissal of the Plaintiff's in forma pauperis Complaint. Accordingly, Plaintiff's motion for reconsideration of the Court's June 22, 2010 Order is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: August  10 , 2010          /s/ JOANNA SEYBERT
     Central Islip, NY          Joanna Seybert, U.S.D.J.